Jiang v. Holder

BIA
A077 008 350

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of December, two thousand ten.

PRESENT:
>       JOHN M. WALKER, JR.,
>       PETER W. HALL,
>       DENNY CHIN,
> > *Circuit Judges.*

─────────────────────────────────────────

CAI PING JIANG, A.K.A. PING JIANG CAI,
>       *Petitioner*,

>       v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>       *Respondent*.

09-4796-ag
NAC

─────────────────────────────────────────

FOR PETITIONER:          Sheema Chaudhry, Law Offices of Michael Brown, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney General; Michelle Gorden Latour, Assistant Director; Matt A. Crapo, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Cai Ping Jiang, a native and citizen of the People's Republic of China, seeks review of the November 4, 2009, decision of the BIA denying her motion to reopen. *In re Cai Ping Jiang*, No. A077 008 350 (B.I.A. Nov. 4, 2009). We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). When the BIA evaluates evidence of country conditions submitted with a motion to reopen, we review its findings to determine if they are supported by substantial evidence. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008). We review the denial of a motion to reopen for abuse of discretion. *See Debeatham v. Holder*, 602 F.3d 481, 484 (2d Cir. 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

The BIA's denial of Jiang's motion to reopen as untimely was not in error. A motion to reopen generally must be filed no later than 90 days after the date on which the final administrative decision has been rendered in the proceedings sought to be reopened. 8 C.F.R. § 1003.2(c)(2). There is no dispute that Jiang's June 2009 motion was untimely because her final order of removal was issued in March 2002. *See id.* The BIA did not abuse its discretion in declining to apply equitable tolling to the time period for filing the motion based on Jiang's claim of ineffective assistance of counsel. For the following reasons it found that Jiang failed to demonstrate that she exercised due diligence in pursuing that claim. Jiang learned of her prior counsel's ineffective assistance in April 2002 and consulted an "immigration agency" at that time, but she did not file a motion to reopen until more than seven years later in June 2009. The BIA's determination that Jiang did not exercise due diligence when she waited more than seven years to file her motion to reopen was not an abuse of discretion. *See Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir. 2007).

2

The BIA also did not err in determining that Jiang failed to establish changed country conditions sufficient to excuse the untimely filing of her motion under 8 C.F.R. § 1003.2(c)(3)(ii). The BIA reasonably relied on the IJ's underlying adverse credibility determination in declining to credit an affidavit from Jiang's father and an unauthenticated village committee notice, both of which indicated that Chinese government officials had learned of Jiang's practice of Falun Gong in the United States and that she would be "punished" for that practice. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 149 (2d Cir. 2007). As it was reasonable for the BIA not to credit either the affidavit from Jiang's father or the purported village committee notice, it did not err in concluding that her practice of Falun Gong constituted only a change in her personal circumstances rather than a change in circumstances in China sufficient to excuse the untimely filing of her motion to reopen. *See Wei Huang Wang v. BIA*, 437 F.3d 270, 274 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk