11-952-ag
Singh v. Holder

BIA
A076 726 584

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4ᵗʰ day of April, two thousand twelve.

PRESENT:
>        ROBERT A. KATZMANN,
>        BARRINGTON D. PARKER,
>        REENA RAGGI,
>             *Circuit Judges.*

_____

TARSEM SINGH,
>        *Petitioner,*

>        v.                                      11-952-ag
                                                 NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:         Jaspreet Singh, Jackson Heights, New York.

FOR RESPONDENT:         Tony West, Assistant Attorney General; Ernesto H. Molina, Jr., Assistant Director; Bernard A. Joseph, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Tarsem Singh, a native and citizen of India, seeks review of a February 24, 2011 order of the BIA denying his motion to reopen. *In re Tarsem Singh*, No. A076 726 584(BIA Feb. 24, 2011). We assume the parties' familiarity with the underlying facts and procedural history of the case.

The BIA's denial of Singh's motion to reopen as untimely was not an abuse of discretion. *See Debeatham v. Holder*, 602 F.3d 481, 484 (2d Cir. 2010) (per curiam). A motion to reopen must generally be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceedings sought to be reopened. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Singh's 2010 motion was untimely as the final administrative decision was issued in 2007. However, the time limitation does not apply to a motion to reopen if it "is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and could not have been discovered or presented at

2

the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii). Singh contends that he submitted material evidence of changed country conditions to the BIA in the form of affidavits and country reports. Specifically, he claims that increased human rights abuses by police in India support his claim that he would face persecution based on his involvement in the Akali Dal Mann ("ADM") political party.

In declining to credit the evidence Singh submitted in support of his motion to reopen, the BIA properly relied on the adverse credibility finding made in Singh's underlying removal proceeding, which was not challenged before this Court and has not been challenged in the present proceeding. *See Kaur v. BIA*, 413 F.3d 232, 234 (2d Cir. 2005) (concluding that the BIA acted within its discretion where it "clearly explained that the evidence submitted by petitioner in support of her motion was not 'material' because it did not rebut the adverse credibility finding that provided the basis for the IJ's denial of petitioner's underlying asylum application"). Moreover, on review of the denial of a motion to reopen, this Court is "precluded from passing on the merits" of the underlying adverse credibility

finding. *Kaur*, 413 F.3d at 233 (internal quotation marks omitted).

Singh's reliance on *Paul v. Gonzales*, 444 F.3d 148 (2d Cir. 2006), is misplaced because the factual predicate of Singh's motion to reopen is not independent of the testimony that was found incredible in the underlying proceeding. *See Paul*, 444 F.3d at 154 (explaining that "an applicant may prevail on a theory of future persecution despite an IJ's adverse credibility ruling as to past persecution, *so long as the factual predicate of the applicant's claim of future persecution is independent of the testimony that the IJ found not to be credible*" (emphasis in original)). Indeed, the motion to reopen is based on the same claim underlying Singh's asylum application: that the Indian police had previously targeted him and will target him in the future because of his membership in ADM. In its 2007 decision, the BIA found that Singh had failed to establish both past persecution and a well-founded fear of future persecution because his testimony that he was a member of ADM was not credible.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of

4

removal that the Court previously granted in this petition is VACATED, and Singh's pending motion for a stay of removal in this petition is DENIED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk