11-3427
Singh v. Holder

BIA
A075 246 640
A075 260 832
A075 260 833
A075 260 834

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of July, two thousand twelve.

PRESENT:
         RALPH K. WINTER,
         JOSÉ A. CABRANES,
         DENNY CHIN,
              *Circuit Judges*.

_____

CHARAN SINGH, AKA GURCHARAN MULTANI, *et al.*,
              *Petitioners*,

                    v.                              11-3427
                                                    NAC
ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
              *Respondent*.

_____

FOR PETITIONERS:        Charan Singh, *pro se*.

FOR RESPONDENT:         Stuart F. Delery, Acting Assistant
                        Attorney General; Thomas B. Fatouros,
                        Senior Litigation Counsel; James A.
                        Hurley, Attorney, Office of Immigration
                        Litigation, United States Department of
                        Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Charan Singh, Joginder Kaur, Bikramjit Singh and Gurjaspreet Singh, natives and citizens of India, seek review of an August 3, 2011, decision of the BIA denying their motion to reopen their immigration proceedings. *In re Charan Singh, Joginder Kaur, Bikramjit Singh and Gurjaspreet Singh*, Nos. A075 246 640, A075 260 832/833/834 (B.I.A. Aug. 3, 2011). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (citing *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)). Generally, a motion to reopen must be filed within 90 days of the final administrative order. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). The 90-day time period may be equitably tolled when the motion is based on a claim of ineffective assistance of counsel. *See Rashid v. Mukasey*, 533 F.3d 127, 130-32 (2d Cir. 2008); *Jin Bo*

2

*Zhao v. INS*, 452 F.3d 154, 159 (2d Cir. 2006). In order to warrant equitable tolling on the basis of ineffective assistance of counsel, an alien claiming ineffective assistance "must show prejudice resulting from counsel's alleged deficiencies." *Debeatham v. Holder*, 602 F.3d 481, 485 (2d Cir. 2010); *see also Vartelas v. Holder*, 620 F.3d 108, 113 (2d Cir. 2010) ("Whatever the provenance of the right [to counsel in immigration proceedings], an ineffective-assistance claim cannot be established without some showing of prejudice.").

In this case, because the Petitioners failed to show that they were prejudiced by their attorney's allegedly deficient performance, the BIA did not abuse its discretion in denying their motion to reopen as untimely. Petitioners fail to explain how the letter from the Global Human Rights Commission ("GHRC") would have rehabilitated the numerous inconsistencies relied on by the agency in finding them not credible. This is particularly damaging to the Petitioners' claim because, in its decision dismissing their appeal and denying their first motion to reopen their immigration proceedings, the BIA concluded that the letter from the GHRC was not sufficient to overcome the Petitioners' credibility issues that served as

3

the basis for the adverse credibility determination.

Petitioners also failed to demonstrate how they were prejudiced by their counsel's concession of their removability. They do not dispute that Singh's asylum status was terminated, which resulted in the termination of the asylum status of the remaining petitioners, because that status was derivative of Singh's. *See* 8 C.F.R § 208.24(d) ("The termination of asylum status for the person who was the principal applicant shall result in termination of the asylum status of a spouse or child whose status was based on the asylum application of the principal."). Nor do they point to any basis in the record upon which they could assert that they had legal status in the United States at the time that their attorney conceded their removability. Accordingly, Petitioners were not prejudiced by this concession.

Finally, nothing in the record suggests that Petitioners were prejudiced by their attorney's failure to seek to consolidate review of their removal proceedings with review of the Special Agricultural Worker application filed by Singh under a false name. Petitioners fail to articulate precisely what benefit they were denied, or how review of that denial by the BIA would have benefitted them, or otherwise precluded

4

their removal from the United States.  Accordingly, they failed to demonstrate prejudice on this issue as well. Because the Petitioners failed to demonstrate the prejudice required for equitable tolling, the BIA did not abuse its discretion by denying their motion to reopen as untimely.  *See* 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(2); *Debeatham*, 602 F.3d at 485.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk