09-0205-ag
Debeatham v. Holder

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

August Term, 2009

(Argued: April 20, 2010                                    Decided:  April 28, 2010)

Docket No. 09-0205-ag

WINSTON ANDREW DEBEATHAM,

*Petitioner*,

v.

ERIC H. HOLDER, JR., United States Attorney General,

*Respondent.*[*]

Before: MINER, CABRANES, and WESLEY, *Circuit Judges*:

Petition for review of a December 15, 2008 decision of the Board of Immigration Appeals denying alien's motion to reopen his removal proceedings based on the alleged ineffective assistance of his prior counsel.  We hold that petitioner failed to comply with the requirements of *In re Lozada*, 19 I. & N. Dec. 637, 639 (B.I.A. 1988), in asserting one of counsel's alleged errors and failed to show prejudice arising from the remaining alleged errors.  Petition denied.

> JENNIFER OLTARSH, Oltarsh & Associates, P.C., New York, NY, *for petitioner*.
>
> YANAL YOUSEF, Trial Attorney, Office of Immigration Litigation (Tony West, Assistant Attorney General,

---

[*]  Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

Ernesto H. Molina, Jr., Assistant Director, Office of
Immigration Litigation, *on the brief*), Civil Division, U.S.
Department of Justice, Washington, D.C., *for respondent.*

PER CURIAM:

Petitioner Andrew Debeatham ("petitioner" or "Debeatham"), a native and citizen of Jamaica,
seeks review of a December 15, 2008 decision of the Board of Immigration Appeals ("BIA") denying
his motion to reopen his removal proceedings. Petitioner argues, as he did before the BIA, that he is
entitled to reopening based on the ineffective assistance of his prior counsel. We hold that petitioner
failed to comply with the requirements of *In re Lozada*, 19 I. & N. Dec. 637, 639 (B.I.A. 1988), in
asserting one of counsel's alleged errors and failed to show prejudice arising from the remaining alleged
errors. Accordingly, we deny the petition for review.

## BACKGROUND

Debeatham was charged with being removable from the United States in December of 2003,
based on prior convictions for, among other things, possession of a controlled substance. *See* 8 U.S.C.
§ 1227(a)(2)(B)(i) (providing that any alien convicted of violating a law relating to a controlled
substance is deportable); *id.* § 1227(a)(2)(A)(ii) (providing that any alien convicted of two or more
crimes involving moral turpitude is deportable). Debeatham appeared before an Immigration Judge
("IJ") who, on July 5, 2005, found him to be removable and ineligible for relief under the former 8
U.S.C. § 1182(c) (1994).[1] The IJ also declined to grant petitioner cancellation of removal pursuant to 8

---

[1] This subsection provided as follows:

> Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and
> not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven
> consecutive years, may be admitted in the discretion of the Attorney General without regard to the
> provisions of subsection (a) of this section (other than paragraphs (3) and (9)(C)). Nothing contained
> in this subsection shall limit the authority of the Attorney General to exercise the discretion vested in
> him under section 1181(b) of this title. The first sentence of this subsection shall not apply to an alien
> who has been convicted of one or more aggravated felonies and has served for such felony or felonies
> a term of imprisonment of at least 5 years.

8 U.S.C. § 1182(c) (1994).

2

U.S.C. § 1229b(a).[2]  The IJ determined that Debeatham was ineligible for cancellation of removal *as a matter of law* because he had been convicted of an aggravated felony.  In the alternative, the IJ denied cancellation of removal as a *matter of discretion* in the event that it was later determined that Debeatham was eligible for such relief as a matter of law.  Accordingly, Debeatham was ordered removed to Jamaica.

Debeatham moved for reconsideration of the IJ's decision only insofar as the IJ had found that Debeatham had been convicted of an aggravated felony.  That motion was summarily denied by the IJ on August 25, 2005.  Debeatham then appealed the IJ's decision to the BIA only insofar as it concerned cancellation of removal.  In a decision dated September 18, 2007, the BIA found that Debeatham was statutorily eligible for cancellation of removal but affirmed the IJ's decision on the alternate ground that Debeatham's circumstances did not warrant granting cancellation of removal as a matter of discretion.

Debeatham asserts that Andrew Crumbie ("Crumbie"), his attorney during the proceedings before the IJ and the initial appeal to the BIA, did not inform him of the BIA's adverse decision until April 14, 2008, and, as a result, he missed the opportunity to appeal that decision to this Court.

---

Although this subsection was repealed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, 110 Stat. 3009-546, aliens who are deportable based on a guilty plea entered prior to the IIRIRA's enactment are still permitted to pursue § 1182(c) relief.  *See I.N.S. v. St. Cyr*, 533 U.S. 289, 326 (2001) (holding that denying such aliens the opportunity to pursue § 1182(c) relief would give the IIRIRA an impermissible retroactive effect); *see also* 8 C.F.R. § 1003.44 (codifying the holding of *St. Cyr*).  Because we conclude that petitioner has waived any argument based on § 1182(c), we do not consider his eligibility for that form of relief.

[2] This subsection provides as follows:

The Attorney General *may* cancel removal in the case of an alien who is inadmissible or deportable from the United States if the alien—

(1) has been an alien lawfully admitted for permanent residence for not less than 5 years,

(2) has resided in the United States continuously for 7 years after having been admitted in any status, and

(3) has not been convicted of any aggravated felony.

8 U.S.C. § 1229b(a) (emphasis added).

3

Crumbie asserts that he did not receive timely notice of the BIA's decision and that if he had he would have taken appropriate steps to appeal it.

On June 9, 2008, Debeatham moved to reopen his removal proceedings, arguing that Crumbie was ineffective in (1) failing to appeal from the IJ's determination that Debeatham was ineligible for relief under the former 8 U.S.C. § 1182(c) (1994); (2) failing to raise certain deficiencies in the IJ's balancing of the equities with respect to petitioner's application for cancellation of removal; and (3) failing to inform petitioner of the BIA's September 18, 2007 decision and thereby depriving him of the opportunity to appeal that decision. The BIA denied the motion to reopen and Debeatham timely petitioned for review of that decision.

## DISCUSSION

Federal regulations, promulgated by the Attorney General, provide that motions to reopen are committed to the discretion of the BIA. 8 C.F.R. § 1003.2(a) ("The decision to grant or deny a motion to reopen . . . is within the discretion of the Board . . . ."). The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, 110 Stat. 3009-546, stripped federal courts of jurisdiction to review many decisions committed to the agency's discretion. *See* 8 U.S.C. § 1252(a)(2)(B)(ii) (providing that "no court shall have jurisdiction to review . . . [a] decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of [asylum]"). The Supreme Court recently clarified, however, that federal courts retain jurisdiction to review denials of motions to reopen, which are committed to the agency's discretion by *regulation* rather than by statute. *See Kucana v. Holder*, 130 S. Ct. 827, 840 (2010) ("While Congress pared back judicial review in IIRIRA, it did not delegate to the Executive authority to do so. Action on motions to reopen, made discretionary by the Attorney

4

General only, therefore remain subject to judicial review."). Accordingly, we continue to review denials of motions to reopen for "abuse of discretion," as we did before *Kucana*. *See id.* at 834 (noting that federal courts have long reviewed administrative decisions denying motions to reopen for abuse of discretion (citing *I.N.S. v. Doherty*, 502 U.S. 314, 323 (1992))); *see also Chen v. Gonzales*, 436 F.3d 76, 77 (2d Cir. 2006) ("We review the BIA's denial of a motion to reopen . . . for abuse of discretion."). "The BIA abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Kulhawik v. Holder*, 571 F.3d 296, 298 (2d Cir. 2009) (internal quotation marks omitted).

Where a motion to reopen is based on a claim of ineffective assistance of counsel, we require the alien claiming ineffectiveness to comply with the requirements set forth by the BIA in *In re Lozada*, 19 I. & N. Dec. at 639. *See Jiang v. Mukasey*, 522 F.3d 266, 270 (2d Cir. 2008). Under *Lozada*, an alien claiming ineffective assistance of counsel

> must submit: (1) an affidavit setting forth in detail the agreement with former counsel concerning what action would be taken and what counsel did or did not represent in this regard; (2) proof that the alien notified former counsel of the allegations of ineffective assistance and allowed counsel an opportunity to respond; and (3) if a violation of ethical or legal responsibilities is claimed, a statement as to whether the alien filed a complaint with any disciplinary authority regarding counsel's conduct and, if a complaint was not filed, an explanation for not doing so.

*Twum v. I.N.S.*, 411 F.3d 54, 59 (2d Cir. 2005) (quoting *Esposito v. I.N.S.*, 987 F.2d 108, 110-11 (2d Cir. 1993)).

We note that, in an opinion issued in January 2009, the United States Attorney General overruled *Lozada* and established a new framework for granting, as a matter of administrative discretion, motions to reopen based on claims of ineffective assistance of counsel. *In re Compean*, 24 I. & N. Dec. 710, 712-14 (A.G. 2009) (*Compean I*). In June 2009, the Attorney General reversed course and vacated the *Compean I* opinion, declaring that he did "not believe that the process used in *Compean*

5

[*I*] resulted in a thorough consideration of the issues involved." *In re Compean*, 25 I. & N. Dec 1, 2 (A.G. 2009) (*Compean II*). In *Compean II*, the Attorney General directed the Acting Director of the Executive Office for Immigration Review to "initiate rulemaking procedures as soon as practicable to evaluate the *Lozada* framework and to determine what modifications should be proposed for public consideration." *Id.* The Attorney General also directed BIA judges to apply pre-*Compean I* standards to all motions to reopen until new procedures are established. *Id.* at 3. Accordingly, we apply the *Lozada* framework to this petition, as did the BIA below.

In addition to complying with *Lozada*'s procedural requirements, an alien claiming ineffective assistance of counsel must also show prejudice resulting from counsel's alleged deficiencies. *See Lozada*, 19 I. & N. Dec. at 638; *see also Jiang*, 522 F.3d at 270. Because immigration proceedings are of a civil rather than criminal nature, aliens in removal proceedings "enjoy[ ] no specific right to counsel" under the Sixth Amendment to the Constitution. *Jian Yun Zheng v. U.S. Dep't of Justice*, 409 F.3d 43, 46 (2d Cir. 2005). Rather, claims of ineffective assistance of counsel must be grounded in the Fifth Amendment's general right to due process of law. *See id.* "Thus, in order to prevail on an ineffectiveness claim, an alien must show that [his] counsel's performance was so ineffective as to have impinged upon the fundamental fairness of the hearing." *Id.* (internal quotation marks omitted). We agree with the BIA that Debeatham has failed to establish that he is entitled to reopening under *Lozada* and our precedent.

First, to the extent that his claim of ineffectiveness concerns 8 U.S.C. § 1182(c) relief, we conclude that petitioner failed to comply with requirements of *Lozada*. As the BIA explained, petitioner "has failed to offer any evidence of the nature of his agreement with Crumbie regarding the handling of that issue, that he notified Crumbie of [Crumbie's] alleged failure to argue his [§ 1182(c)] eligibility, and that he filed a complaint with the appropriate disciplinary authorities concerning Crumbie's handling of that issue." *In re Debeatham*, A035 973 514, at 2 (B.I.A. Dec. 15, 2008).

6

Petitioner has therefore waived any claim of ineffectiveness insofar as it relates to the issue of § 1182(c) relief. *See Jian Yun Zheng*, 409 F.3d at 46 ("[A]n alien who has failed to comply substantially with the *Lozada* requirements in [his] motion to reopen before the BIA forfeits [his] ineffective assistance of counsel claim in this Court."). The fact that he complied with *Lozada*'s requirements for other purported errors did not give petitioner free reign to argue whatever he pleased before the BIA. The *Lozada* requirements are aimed, in large part, at informing prior counsel of the alleged ineffectiveness and providing him or her with the opportunity to respond. 19 I. & N. Dec. at 639. Prior counsel simply cannot offer a meaningful response when an alien raises alleged errors for the first time before the BIA.

Second, although Debeatham complied with *Lozada*'s requirements for his remaining claims of ineffective assistance, we conclude that he has not shown prejudice resulting from the remainder of Crumbie's alleged errors. The BIA concluded that "even when [it] consider[ed] [Debeatham's] business ties to the United States along with his other favorable equities of record," those factors still did not overcome "the adverse factors in this case that were duly noted by the Immigration Judge, including [Debeatham's] criminal convictions, his repeated lies about his criminal history during the naturalization process, and his ambivalent testimony concerning his accountability for his crimes." *In re Debeatham*, A035 973 514, at 2. Thus, even if Crumbie had presented all of the evidence and made all of the arguments that petitioner now claims he should have, petitioner has not shown that the outcome of his removal proceedings would have been any different.

Finally, to the extent that petitioner argues that a timely petition to this Court for review of the BIA's September 18, 2007 decision may have altered the outcome of his removal proceedings, that contention is without merit. The BIA's September 18, 2007 decision affirmed the IJ's decision insofar as the IJ had declined to cancel petitioner's removal as a matter of administrative discretion. *See* 8

7

U.S.C. § 1229b(a) (providing that the "Attorney General *may* cancel removal in the case of an alien who is admissible or deportable from the United States" if certain conditions are met (emphasis added)). We lack jurisdiction to review such discretionary determinations. *See* 8 U.S.C. § 1252(a)(2)(B)(i) (providing that "no court shall have jurisdiction to review . . . the granting of relief under section . . . 1229b"); *Rodriguez v. Gonzales*, 451 F.3d 60, 62 (2d Cir. 2006) ("[W]e have no jurisdiction to review the IJ's discretionary determinations concerning . . . cancellation of removal . . . ."). Consequently, any petition for review would have been dismissed for lack of jurisdiction.

## CONCLUSION

We have considered all of petitioner's arguments and find them to be without merit. Petitioner failed to comply with the requirements of *In re Lozada*, 19 I. & N. Dec. 637, 639 (B.I.A. 1988), in asserting one of counsel's alleged errors and failed to show prejudice arising from the remaining alleged errors. We hold, therefore, that the BIA did not abuse its discretion in denying petitioner's motion to reopen. For the foregoing reasons, the petition for review is **DENIED**. As we have completed our review, any stay of removal that the Court previously granted in this petition is **VACATED**, and any pending motion for a stay of removal in this petition is **DISMISSED**.