10-1961-ag
Durgaj v. Holder
BIA
Lamb, IJ
A073 580 327

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of April, two thousand twelve.

PRESENT:
ROSEMARY S. POOLER,
RICHARD C. WESLEY,
GERARD E. LYNCH,
    *Circuit Judges.*

_____

BARDH DURGAJ,
    *Petitioner,*

v.                                          10-1961-ag
                                            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
    *Respondent.*

_____

FOR PETITIONER:        Caridad Pastor Cardinale, Troy, Michigan.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Thomas B. Fatouros, Senior Litigation Counsel; Annette M. Wietecha, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Bardh Durgaj, a native and citizen of Albania, seeks review of a May 12, 2010 order of the BIA affirming the February 2, 2009 decision of Immigration Judge ("IJ") Elizabeth A. Lamb, which denied his motion to reopen. *In re Bardh Durgaj*, No. A073 580 327 (B.I.A. May 12, 2010), *aff'g* No. A073 580 327 (Immig. Ct. N.Y. City Feb. 2, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have reviewed the decision of the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See Debeatham v. Holder*, 602 F.3d 481, 484 (2d Cir. 2010); *Aliyev v. Mukasey*, 549 F.3d 111, 115-16 (2d Cir. 2008). An order of removal entered *in absentia* may be rescinded only upon: (1) a motion filed within 180 days after the date of the order of removal if the alien demonstrates that the failure to appear was because of exceptional circumstances; or (2) a motion to reopen filed at any time if the alien demonstrates that he

2

did not receive notice as required or demonstrates that he was in federal or state custody and the failure to appear was through no fault of his own. 8 U.S.C. § 1229a(b)(5)(C).

The only issue before us is whether the agency erred in finding that Durgaj received the required notice and thus was not eligible for rescission of his *in absentia* removal order, as Durgaj does not assert any exceptional circumstances in his brief to this Court. The required notice to an alien in removal proceedings consists of written notice of the consequences of the failure to appear at the proceedings against the alien in the notice to appear ("NTA"), and written notice given in person to the alien specifying any change or postponement in the time and place of such proceedings.* 8 U.S.C. §§ 1229(a)(1), (2). Durgaj does not allege that he did not receive written notice, only that he did not receive oral notice in Albanian. There is no requirement that an alien in removal proceedings be

---

*While there is no requirement that an alien be given oral notice of the consequences of failure to appear before he is ordered removed *in absentia*, s*ee* 8 U.S.C. §§ 1229(a)(1), (a)(2), 1229a(b)(5)(A), an alien who is given oral notice in his native language of the date and time of a hearing, and the consequences of failing to appear at that hearing, and nonetheless fails to appear, is ineligible for certain types of discretionary relief for ten years after the entry of the *in absentia* removal order, *see* 8 U.S.C. § 1229a(b)(7).

notified orally of the consequences of failure to appear at a hearing before removal is ordered *in absentia*, and a lack of oral notice is not grounds for reopening proceedings after an *in absentia* order has been entered. *See* 8 U.S.C. §§ 1229(a), 1229a(b)(5)(A), (C). Furthermore, the record clearly shows that with the service of the NTA, Durgaj received written notice in English, and oral notice in Albanian, of the consequences of failing to appear at any scheduled hearing. He further received written notice, in English, prior to his August 12, 1999 hearing date, of the consequences of failing to appear at that particular hearing. Consequently, the agency did not abuse its discretion in denying Durgaj's motion to reopen.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk

4