11-1540-ag
Jourbina v. Holder

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of May, two thousand thirteen.

Present:
      AMALYA L. KEARSE,
      ROBERT A. KATZMANN,
      CHRISTOPHER F. DRONEY,
           *Circuit Judges*.

---

POLINA B. JOURBINA, NATALIA B. JOURBINA,
TATIANA Y. JOURBINA, and BORIS JOURBINA,

    *Petitioners*,

        v.                  No. 11-1540-ag

ERIC H. HOLDER, JR., United States Attorney General,

    *Respondent*.[*]

---

For Petitioners:        C. MARIO RUSSELL (Jodi Ziesemer, *on the brief*), Catholic Charities, New York, N.Y.

---

[*] The Clerk of the Court is directed to amend the official caption of this case as noted.

For Respondent:              CHRISTOPHER BUCHANAN (Jessica Segall, Trial Attorney,
                             Leslie McKay, Assistant Director Office of Immigration
                             Litigation, *on the brief*), Office of Immigration Litigation, Civil
                             Division, United States Department of Justice, Washington,
                             DC


        UPON DUE CONSIDERATION of this petition for review of Board of Immigration

Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED, that the

petition for review is GRANTED, the decision of the BIA is VACATED, and the case is

REMANDED for further proceedings.

        The petitioners, natives of the former USSR and former citizens of Kazakhstan, seek

review of a March 22, 2011 decision of the BIA denying their motion to reopen their removal

proceedings.  *See In re Polina B. Jourbina*, No. A073 663 895 (B.I.A. Mar. 22, 2011); *In re*

*Natalia B. Jourbina*, No. A073 663 896 (B.I.A. Mar. 22, 2011); *In re Tatiana Y. Jourbina*, No.

A073 663 897 (B.I.A. Mar. 22, 2011); *In re Boris Jourbine* [sic], No. A073 180 093 (B.I.A. Mar.

22, 2011).[1]  The petitioners argue, *inter alia*, that the BIA abused its discretion in denying their

untimely motion to reopen because the BIA offered only conclusory reasoning in support of its

decision, failed to consider a number of the petitioners' arguments, and ignored much of the

record evidence.  Although we often lack jurisdiction to review discretionary decisions by the

BIA, the Supreme Court has recently held that courts retain jurisdiction to review denials of

---

[1] We note that although all petitioners applied for relief under Boris Jourbina's asylum
application, *see* Certified Administrative Record 201, the Immigration Judge ("IJ") separated
Boris Jourbina's voluntary departure case from that of the rest of his family because Boris
entered the United States earlier than his wife and children and, as a result, different statutory
rules applied to Tatiana, Natalia, and Polina.  Pet'rs' Br. 12 n.1; Resp't's Br. 3 n.2.  However,
the differences between the proceedings are not relevant to this case, and the BIA's two
decisions dismissing petitioners' motion to reopen are  virtually identical.  *Compare* CAR 3
(BIA's Decision re: Boris Jourbina), *with* CAR 498 (BIA's Decision re: Tatiana, Natalia, and
Polina).

motions to reopen. *Kucana v. Holder*, 558 U.S. 223, 250 (2010); *see also Debeatham v. Holder*, 602 F.3d 481, 484 (2d Cir. 2010). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Where, as here, a petitioner's motion to reopen is filed more than 90 days after the final administrative decision was rendered, *see* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2), the petitioner is required to present material evidence of changed country conditions arising in the country of nationality that was previously unavailable in order to excuse the untimely filing, *see* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). The BIA can reject an untimely motion to reopen based on changed country conditions if there is insufficient evidence of changed country conditions or if the petitioner has failed to establish a prima facie case for asylum. *See INS v. Abudu*, 485 U.S. 94, 104-05 (1988).

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam). The BIA abuses its discretion where its decision is "conclusory, devoid of reasoning, and fail[s] to account for . . . substantial record evidence." *Norani v. Gonzales*, 451 F.3d 292, 295 (2d Cir. 2006) (per curiam) (internal quotation marks omitted); *see also Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) ("An abuse of discretion may be found . . . where the [BIA's] decision provides no rational explanation, . . . is devoid of any reasoning, or contains only summary or conclusory statements . . . .").

The BIA's cursory two-paragraph decisions in this case constituted an abuse of discretion because they were devoid of any reasoning and failed to consider the arguments at the heart of the petitioners' claims. First, with respect to the petitioners' argument that the revocation of their citizenship by Kazakhstan constituted a changed country circumstance, the BIA merely

3

stated that "[t]he evidence proffered . . . indicating that [the petitioners] are no longer considered citizens of Kazakhstan because they failed to register with the [Kazak] Consulate as required by [Kazak] law does not reflect changed country conditions in Kazakhstan that materially affect their eligibility for asylum." Certified Administrative Record ("CAR") 498. The BIA offered no reasoning beyond this conclusory statement.

Although we have previously held that "*self-induced* change[s] in personal circumstances" that are "entirely of [the petitioner's] own making after being ordered to leave the United States" cannot constitute changed country conditions, *Wei Guang Wang v. BIA*, 437 F.3d 270, 274 (2d Cir. 2006) (emphasis added), the BIA failed to consider the petitioners' primary argument—that their loss of citizenship was caused not by their own failure to register with the consulate, but rather by the Kazak government's use of the registration requirement as a pretext to de-nationalize non-ethnic Kazakhs. Moreover, the BIA ignored the petitioners' record evidence that non-ethnic Kazakhs have been discriminated against in other immigration-related matters. *See, e.g.*, CAR 99, 105. While we offer no opinion concerning whether this evidence is sufficient to support the petitioners' claims, the BIA had an obligation to consider all relevant evidence on record (and to consider the petitioners' principal argument). *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008); *Norani*, 451 F.3d at 294-95.

Second, the BIA also abused its discretion in determining that the petitioners failed to establish prima facie eligibility for relief. The BIA explained only that the petitioners' "alleged resulting stateless status alone [is not] sufficient to demonstrate their prima facie eligibility." CAR 498. In summarily rejecting the petitioners' claim that the revocation of their citizenship by itself constituted past persecution, the BIA did not consider at all the petitioners' alternative contention that their lack of citizenship would subject them to future persecution upon return to

4

Kazakhstan because Kazakhstan discriminates against non-Kazak nationals.[2] Along the same lines, it also did not address substantial record evidence submitted by the petitioners, including a State Department report and an affidavit from an expert in the treatment of non-Kazaks in Kazakhstan, indicating that the Kazak government persecutes non-nationals. *See, e.g.*, CAR 99-106, 116-34.

The BIA's decision was an abuse of discretion because it was "conclusory, devoid of reasoning, . . . failed to account for . . . substantial record evidence," *Norani*, 451 F.3d at 295 (internal quotation marks omitted), and, moreover, inexplicably ignored many of the Jourbinas' primary arguments. We remand for the BIA to satisfy its obligation to consider the petitioners' primary arguments and all of the relevant evidence. In doing so, however, we offer no opinion on the ultimate resolution of the case.[3] For the foregoing reasons, the petition for review is GRANTED, the decision of the BIA is VACATED, and we REMAND to the BIA for further consideration consistent with our decision.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

[2] Because the BIA ignored the petitioners' argument, we need not decide whether we agree with the BIA that statelessness alone is insufficient to demonstrate a prima facie case of past persecution. *But see Haile v. Holder*, 591 F.3d 572, 574 (7th Cir. 2010) (rejecting BIA's argument that a person de-nationalized on the basis of religion or ethnicity must show more to demonstrate persecution).

[3] As a final matter, we note that when questioned at oral argument about the status of this case after the issuance of our order in *Si v. Holder*, 702 F.3d 160 (2d Cir. 2012), the government conceded that this case was a "low priority."