Chen v. Holder

BIA
Burr, IJ
A073 767 867

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of November, two thousand thirteen.

PRESENT:
>       JON O. NEWMAN,
>       ROSEMARY S. POOLER,
>       BARRINGTON D. PARKER,
>             *Circuit Judges.*

_____

MING CHEN, AKA MING ZHENG,
>       *Petitioner,*

>       v.                                          11-3564
                                                    NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:          Lee Ratner, Law Offices of Michael
                         Brown, New York, N.Y.

FOR RESPONDENT:          Tony West, Assistant Attorney General;
                         Carl H. McIntyre, Assistant Director;
                         John J. W. Inkeles, Trial Attorney;
                         Office of Immigration Litigation, Civil
                         Division, United States Department of
                         Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ming Chen, a native and citizen of the People's Republic of China, seeks review of an August 26, 2011, decision of the BIA affirming the December 14, 2009, decision of Immigration Judge ("IJ") Sarah M. Burr denying his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Ming Chen*, No. A073 767 867 (B.I.A. Aug. 26, 2011), aff'g No. A073 767 867 (Immig. Ct. N.Y. City Dec. 14, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

Chen's asylum application is governed by the REAL ID Act. For such applications, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on

2

an asylum applicant's demeanor, the plausibility of his account, and inconsistencies in his or his witness's statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64.

Substantial evidence supports the agency's determination that Chen did not testify credibly regarding his claim that he was persecuted in China on the basis of his Christian faith. The IJ reasonably relied on the implausibility of Chen's testimony, *see* 8 U.S.C. § 1158(b)(1)(B)(iii), and the IJ's reasoning was "tethered to record evidence," *Wengsheng Yan v. Mukasey*, 509 F.3d 63, 67 (2d Cir. 2007). For example, the agency reasonably determined that it was implausible that Chen had failed to apply for asylum until his February 2009 arrest – nearly 14 years after his 1995 order of deportation – because his experience with the Porges Law Firm left him distrustful of attorneys, particularly in light of Chen's testimony that he sought the assistance of an attorney when he filed an application for a U-visa in 2007. Because the IJ's implausibility finding is based on record facts, and because "there is nothing else in the record from which a firm conviction of error could properly be derived," *see Wengsheng*

*Yan*, 509 F.3d at 67, the inherent implausibility of Chen's testimony  provides substantial support for the agency's adverse credibility determination.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (providing that the agency may base a credibility determination on "the plausibility of [the applicant's] account").  The agency also reasonably relied on Chen's testimony that he had previously lied to immigration officials and would be willing to lie again to remain in the United States to determine that Chen was not credible.  An applicant's willingness to lie under oath "infect[s] the balance of his uncorroborated or unauthenticated evidence." *See Siewe v. Gonzales,* 480 F.3d 160, 170-71 (2d Cir. 2007).

The adverse credibility determination is further supported by the IJ's finding that Chen failed to reasonably corroborate his testimony.  An applicant's failure to corroborate testimony may bear on credibility, either because the absence of particular corroborating evidence is viewed as suspicious, or because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question. *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).  Thus, the IJ reasonably concluded that, in light of Chen's lack of credibility, his

4

failure to offer evidence supporting his claim that he was persecuted in China further undermined his credibility.

As Chen argues, it may have been error for the agency to rely on his lack of doctrinal knowledge in finding him not credible. *See Rizal v. Gonzales*, 442 F.3d 84, 90 (2d Cir, 2006). Regardless of this potential error, as discussed above, the other bases for the agency's adverse credibility determination are substantially supported by the record. Accordingly, despite this flaw in the agency's analysis, remand of these proceedings would be futile. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 335 (2d Cir. 2006) (holding that an error does not require remand if remand would be futile because "we can state with confidence that the same decision would be made if we were to remand").

Given the inherent implausibility of Chen's testimony, as well as his failure to corroborate his claims, the agency's adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167(explaining that we "defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling"). Accordingly,

the agency did not err in denying Chen's application for asylum, withholding of removal and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

Chen also argues that the agency's adverse credibility determination was the result of the ineffective assistance of his counsel, and the BIA erred in declining to remand his case on the basis of that ineffective assistance. However, an alien claiming ineffective assistance of counsel "must . . . show prejudice resulting from counsel's alleged deficiencies." *Debeatham v. Holder*, 602 F.3d 481, 485 (2d Cir. 2010). Chen has failed to demonstrate that he was prejudiced by his counsel's ineffective assistance. Although Chen's counsel demonstrated that she was not familiar with the applicable evidentiary deadlines, Chen does not explain how her failure to timely submit evidence prejudiced him as he identifies neither what evidence was excluded nor how that evidence would have changed the outcome of his proceedings. Further, although the IJ identified the discrepancies between Chen's "bare bones" asylum application and his testimony as one basis for the adverse credibility determination, the BIA determined that, even absent those discrepancies, the IJ's adverse credibility determination was not clearly erroneous. As

6

discussed above, the agency's adverse credibility determination is supported by substantial evidence in the record. Accordingly, Chen failed to establish that the requisite prejudice to support his claim of ineffective assistance.

For the foregoing reasons, the petition for review is DENIED.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk