Jin v. Barr

BIA
Conroy, IJ
A087 568 648

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of December, two thousand twenty.

PRESENT:
        GERARD E. LYNCH,
        SUSAN L. CARNEY,
        WILLIAM J. NARDINI,
            *Circuit Judges.*
_____

MING ZHE JIN,
        *Petitioner,*

        v.                                        19-2839
                                                  NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:          Keith S. Barnett, Esq., New York,
                         NY.

FOR RESPONDENT:          Jeffrey Bossert Clark, Acting
                         Assistant Attorney General; Mary
                         Jane Candaux, Assistant Director;
                         Remi da Rocha-Afodu, Trial
                         Attorney, Office of Immigration

Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ming Zhe Jin, a native and citizen of the People's Republic of China, seeks review of an August 30, 2019, decision of the BIA affirming a February 12, 2018, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ming Zhe Jin*, No. A087 568 648 (B.I.A. Aug. 30, 2019), *aff'g* No. A087 568 648 (Immig. Ct. N.Y. City Feb. 12, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the BIA's decision. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The sole issue is whether the BIA erred in rejecting Jin's ineffective assistance of counsel claim because he failed to satisfy the procedural requirements for raising such a claim. We find no error. To prevail on such a claim,

2

a petitioner must show that counsel's performance was deficient and that the deficiency caused prejudice. *Debeatham v. Holder*, 602 F.3d 481, 485 (2d Cir. 2010). In addition, the petitioner must comply with the procedural requirements set out in *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (B.I.A. 1988). *Lozada* requires

> (1) an affidavit setting forth in detail the agreement with former counsel concerning what action would be taken and what counsel did or did not represent in this regard; (2) proof that the alien notified former counsel of the allegations of ineffective assistance and allowed counsel an opportunity to respond; and (3) if a violation of ethical or legal responsibilities is claimed, a statement as to whether the alien filed a complaint with any disciplinary authority regarding counsel's conduct and, if a complaint was not filed, an explanation for not doing so.

*Debeatham*, 602 F.3d at 484–85 (quoting *Twum v. INS*, 411 F.3d 54, 59 (2d Cir. 2005)). These requirements "serve to deter meritless claims and to provide a basis for determining whether counsel's assistance was in fact ineffective." *Yi Long Yang v. Gonzales*, 478 F.3d 133, 143 (2d Cir. 2007) (internal quotation marks omitted). Jin did not comply or attempt to comply with any of the requirements and has thus forfeited his ineffective assistance claim. *Jian Yun Zheng v. U.S. Dep't of Justice*, 409 F.3d 43, 47 (2d Cir. 2005) (requiring substantial compliance with *Lozada* requirements).

3

We may excuse a lack of strict compliance with the *Lozada* requirements if the ineffective assistance is "clear on the face of the record," but Jin's case does not present such a circumstance. *Yi Long Yang*, 478 F.3d at 142–43 (finding ineffective assistance clear on the record where IJ explicitly relied on counsel's competence and counsel was disbarred shortly after the hearing for his "truly shocking disregard for his clients"). Although the record reflects that Jin's counsel was unfamiliar with Jin's mother's written statement — submitted by a different attorney with Jin's asylum application — the record does not clearly show prejudice because Jin never plausibly explained how his statement could have contained language identical to that found in his mother's statement. According to his own testimony, the two statements had been translated by different people and neither his mother nor her translators had access to his written statement. Given Petitioner's lack of compliance with *Lozada*, the record does not show how counsel could have addressed this credibility concern or provided an explanation for a document created and filed before he had been retained. *See Debeatham*, 602 F.3d at 485 (requiring both deficient performance and prejudice to state ineffective assistance claim).

4

Jin also alleged that his counsel was ineffective in not questioning his sister at the hearing. Absent compliance with *Lozada*, the BIA had no information about why counsel chose not to question her. It is possible that counsel was unprepared; it is also possible that counsel was concerned her testimony would add inconsistency or otherwise further undermine Jin's claims. *See Yi Long Yang*, 478 F.3d at 143 ("Lozada requirements . . . provide a basis for determining whether counsel's assistance was in fact ineffective." (internal quotation marks omitted)). In sum, Jin has forfeited his ineffective assistance claim because he did not comply with the *Lozada* requirements or show that ineffective assistance was "clear on the face of the record." *Id.* at 142–43; *see also Jian Yun Zheng*, 409 F.3d at 47.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5