Smajlaj v. Garland

BIA
Poctzer, IJ
A208 752 127/128

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of March, two thousand twenty-two.

PRESENT:
> JOHN M. WALKER, JR.,
> ROSEMARY S. POOLER,
> MICHAEL H. PARK,
> *Circuit Judges.*

_____

ALTIN SMAJLAJ, LUIZA SMAJLAJ,
> *Petitioner*,

v.                                          **18-3406**
                                            **NAC**

MERRICK B. GARLAND
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*[1]

_____

**FOR PETITIONER:**          Michael P. DiRaimondo, DiRaimondo & Masi, PC, Bohemia, NY.

---

[1]Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Merrick B. Garland is automatically substituted as Respondent.

**FOR RESPONDENT:**     Joseph H. Hunt, Assistant Attorney General; Shelley R. Goad, Assistant Director; Jennifer A. Singer, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Altin Smajlaj and Luiza Smajlaj, natives and citizens of Albania, seek review of an October 16, 2018 decision of the BIA affirming a July 19, 2017 decision of an Immigration Judge ("IJ") denying Smajlaj's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Altin Smajlaj,* No. A 208 752 127/128 (B.I.A. Oct. 16, 2018), *aff'g* No. A 208 752 127/128 (Immig. Ct. N.Y. City July 19, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Security*, 448 F.3d 524, 528 (2d Cir. 2006). The

2

standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . . , the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76-77.

Applying these standards, we conclude that substantial evidence supports the adverse credibility determination.[2]

---

[2] The adverse credibility determination is dispositive and we find no need to distinguish between Altin's and Luiza's status as

First, the agency reasonably relied on omissions from Altin's and Luiza's statements at their initial credible fear interviews. The records of the interviews were sufficiently reliable. *See Ming Zhang v. Holder*, 585 F.3d 715, 723-25 (2d Cir. 2009); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 179–80 (2d Cir. 2004). Both Altin and Luiza failed to mention at the interviews that the individual they feared was a police officer despite the asylum officer's questions about their fear of public officials and ability to seek help from the Albanian police. Neither provided a compelling explanation when confronted with the inconsistency. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotations omitted)).

Next, the agency reasonably relied on the cumulative effect of several inconsistencies between Altin's and Luiza's testimony. *See Liang Chen v. U.S. Att'y Gen.*, 454 F.3d 103, 106-07 (2d Cir. 2006). For example, Altin and Luiza did not

applicant and derivative beneficiary.

4

testify consistently as to whether they received threats in person or only by mail. They also provided inconsistent testimony as to the trigger for their departure from their home: Altin described their pursuer's brother's release from jail as a motivating factor, while Luiza stated that she was not sure if any of their pursuer's family was incarcerated.

Finally, the absence of reliable documentary evidence undermined the Smajlajs' credibility. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."); *see also Y.C. v. Holder*, 741 F.3d 324, 332, 334 (2d Cir. 2013) (deferring to agency on weight of documentary evidence and upholding BIA's decision not to credit letter from applicant's spouse). While the Smajlajs' provided letters from village priest, the village elder, and a friend, none of these letters addressed the omissions and inconsistencies in the Smajlajs' testimony.

The omissions, inconsistencies, and lack of reliable corroboration provide substantial evidence in support of the

adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167. That determination is dispositive of the Smajlajs' claims for asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

Finally, we find no abuse of discretion in the BIA's denial of the motion to remand. To warrant remand based on ineffective assistance of counsel, an applicant must show that counsel's actions were deficient and caused prejudice. *See Debeatham v. Holder*, 602 F.3d 481, 484-85 (2d Cir. 2010). As the BIA explained, the alleged deficiencies were not material to the adverse credibility determination and thus did not affect the outcome of the proceedings. *Id.* at 486.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6