Pomaquiza-Pomaquiza v. Garland

BIA
Leeds, IJ
A206 188 534

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of August, two thousand twenty-two.

PRESENT:
> JON O. NEWMAN,
> JOSEPH F. BIANCO,
> MYRNA PÉREZ,
> > *Circuit Judges.*

---

WILSON ORLANDO POMAQUIZA-POMAQUIZA,
> *Petitioner,*

v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

20-748
NAC

---

| | |
|---|---|
| **FOR PETITIONER:** | Kevin E. Dehghani, Esq., New Haven, CT. |
| **FOR RESPONDENT:** | Jeffrey Bossert Clark, Acting Assistant Attorney General; Anthony C. Payne, Assistant Director; Liza S. Murcia, |

Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Wilson Orlando Pomaquiza-Pomaquiza, a native and citizen of Ecuador, seeks review of a February 13, 2020, decision of the BIA, dismissing his appeal of a June 18, 2018, decision of an immigration judge ("IJ") denying his motion to reopen his removal proceedings. *In re Wilson Orlando Pomaquiza-Pomaquiza,* No. A206 188 534 (B.I.A. Feb. 13, 2020), *aff'g* A206 188 534 (Immig. Ct. N.Y.C. June 18, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's decision. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).[1] We review the denial of a

---

[1] We do not reach Pomaquiza-Pomaquiza's argument concerning the IJ's acceptance of DHS's opposition because the BIA did not consider that opposition or adopt the IJ's decision. In any event, remand would be futile because the BIA denied reopening based on Pomaquiza-Pomaquiza's failure to

motion to reopen for abuse of discretion. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008). "[T]o prevail on a claim of ineffective assistance of counsel, [the movant] . . . must allege facts sufficient to show 1) that competent counsel would have acted otherwise, and 2) that he was prejudiced by his counsel's performance." *Rabiu v. INS*, 41 F.3d 879, 882 (2d Cir. 1994) (quotation marks omitted). A movant arguing that he was prejudiced by former counsel's failure to file an application for relief "must make a prima facie showing that he would have been eligible for the relief and that he could have made a strong showing in support of his application." *Id*. The agency may deny reopening if "the movant has not established a prima facie case for the underlying substantive relief sought." *INS v. Abudu*, 485 U.S. 94, 104 (1988).

The BIA did not "pre-judge" his asylum claim. Because Pomaquiza-Pomaquiza sought reopening based on a claim that he

---

demonstrate prima facie eligibility for asylum, so it would deny reopening for the same reasons even if it had addressed his argument concerning DHS's untimely opposition. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339 (2d Cir. 2006).

3

was prejudiced by former counsel's withdrawal of his asylum application, the BIA necessarily assessed, and ultimately did not find he presented a prima facie claim for asylum. *See Rabiu*, 41 F.3d at 882. The BIA did not abuse its discretion in doing so.

To establish prejudice, Pomaquiza-Pomaquiza had to make a prima facie showing that he was persecuted, or had a well-founded fear of persecution, in Ecuador, as necessary for asylum. *See* 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(A), (B)(i). "[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive." *Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) (quotation marks omitted).

In the asylum application that his former counsel withdrew, Pomaquiza-Pomaquiza asserted that he suffered "harassment, discrimination, and severe poverty due to [his] race as an indigenous person" belonging to the Quechuan community, which is "discriminated against" and forced to live in poverty because the government is prejudiced against them and refuses to help them. He did not describe harassment except verbal abuse by his grandfather, which he did not

4

allege was based on his race.  Pomaquiza-Pomaquiza also submitted country conditions evidence and several affidavits from family, but none described conduct that evidenced Pomaquiza-Pomaquiza was persecuted, or had a well-founded fear of persecution.

Given the lack of evidence that Pomaquiza-Pomaquiza had faced or would face harm amounting to persecution, the BIA reasonably concluded that he did not demonstrate the requisite prejudice to reopen his removal proceedings based on ineffective assistance of counsel.  *See Debeatham v. Holder*, 602 F.3d 481, 486 (2d Cir. 2010) (finding no prejudice where "even if [former counsel] had presented all of the evidence and made all of the arguments that petitioner now claims he should have, petitioner has not shown that the outcome of his removal proceedings would have been any different").

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5