21-6389
*Lyttle v. Garland*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of March, two thousand twenty-three.

PRESENT:    Rosemary S. Pooler,
            Richard C. Wesley,
            Steven J. Menashi,
                    *Circuit Judges.*

_____

OSSAIN OMAR LYTTLE,

      *Petitioner,*

    v.                                                                No. 21-6389

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,

      *Respondent.*

_____

*For Petitioner*:                    Joshua E. Bardavid, New York, NY.

*For Respondent*:                   Brian Boynton, Principal Deputy Assistant
                                    Attorney General; Anthony P. Nicastro,
                                    Assistant Director; Dana M. Camilleri, Trial
                                    Attorney, Office of Immigration Litigation,
                                    United States Department of Justice,
                                    Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Ossain Omar Lyttle, a citizen of Jamaica, seeks review of a June 17, 2021, decision of the BIA affirming a July 23, 2018, decision of an Immigration Judge ("IJ") ordering him removed as an alien present without admission or parole and denying his application for adjustment of status and his motion for a continuance. *In re Ossain Omar Lyttle*, No. A088 437 561 (B.I.A. June 17, 2021), *aff'g* No. A088 437 561 (Immig. Ct. N.Y. City July 23, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the BIA's and the IJ's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). "Congress has specified that 'the administrative findings of fact are

2

conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Singh v. Garland*, 11 F.4th 106, 112 (2d Cir. 2021) (quoting 8 U.S.C. § 1252(b)(4)(B)). Thus, "we review the agency's decision for substantial evidence and must defer to the factfinder's findings based on such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 113 (internal quotation marks omitted). "[W]e will uphold the BIA's decision unless the petitioner demonstrates that the record evidence was so compelling that no reasonable factfinder could fail to find him eligible for relief. By contrast, we review legal conclusions de novo." *Id.* (internal quotation marks and citation omitted). We deny the petition for review.

First, we see no error in the agency's determination that Lyttle did not establish admission and therefore did not overcome the charge of removability or establish his eligibility to adjust status under 8 U.S.C. § 1255(a). He had the "burden of establishing … by clear and convincing evidence" that he is "in the United States pursuant to a prior admission." 8 U.S.C. § 1229a(c)(2)(B); *id.* § 1361 ("[T]he burden of proof shall be upon [the alien] to show the time, place, and manner of his entry into the United States."); 8 C.F.R. § 1240.8(c) (providing that once alienage is established, the burden shifts to the alien to establish by clear and

3

convincing evidence that he was "lawfully in the United States pursuant to a prior admission"); *Almeida-Amaral v. Gonzales*, 461 F.3d 231, 234 (2d Cir. 2006) (explaining that the government "must show only identity and alienage; the burden then shifts to the [alien] to prove the time, place, and manner of his entry").

Lyttle did not meet his burden. While he provided a Form I-94 and a copy of a visitor visa in his name with a stamp indicating an admission to the United States in New York City in November 1998, his passport also contained a stamp showing he returned to Jamaica in December 1998. Lyttle offered no proof of admission after December 1998. Moreover, Lyttle did not corroborate his claim that his stepfather took the passport to Jamaica to have it stamped—by fraudulent means—so that Lyttle would not appear to have overstayed his visitor's visa. Given the lack of evidence on this point, we find no basis to disturb the agency's decision. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157-58 (2d Cir. 2008) ("[W]hen a petitioner bears the burden of proof, his failure to adduce evidence can itself constitute the 'substantial evidence' necessary to support the agency's challenged decision."); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (noting that the weight to afford evidence "lies largely within the discretion of the IJ") (internal quotation marks and alteration omitted).

4

The IJ considered all the evidence and noted multiple inconsistencies between Lyttle's statements—as well as between his statements and the documentary evidence—and there is substantial evidence supporting the IJ's conclusion that Lyttle's testimony as to admission was not credible. *See Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully.").

Second, to the extent Lyttle argues that the agency deprived him of due process when it denied his motion to continue to pursue adjustment of status under 8 U.S.C. § 1255(i), we also deny the petition. Due process requires notice and an opportunity to be heard. *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007). To state a due process claim, a petitioner must show "some cognizable prejudice," *Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008) (quoting *Lattab v. Ashcroft*, 384 F.3d 8, 20 (1st Cir. 2004)), and the petitioner bears the burden to demonstrate "that the outcome of his removal proceedings would have been … different" but for the alleged due process violation, *Debeatham v. Holder*, 602 F.3d 481, 486 (2d Cir. 2010). Lyttle has not shown he was deprived of a full and fair hearing; he knew as of November 2012 that admission was the main issue in his case. He also knew

5

that the December 1998 Jamaican entry stamp supported the charge of removability and undercut his claim to a lawful admission. While the IJ in Lyttle's August 2016 hearing said that the February 2017 hearing may not be the final hearing as to adjustment of status, the IJ was clear that the purpose of the hearing was to address whether Lyttle had been admitted. Furthermore, Lyttle has not stated that he has since undertaken efforts to obtain further information on his potential eligibility for adjustment of status under 8 U.S.C. § 1255(i) that he could have obtained during a continuance. As a result, he has not shown the requisite prejudice to establish a due process violation.

We have considered Lyttle's remaining arguments, which we conclude are without merit. For the foregoing reasons, the petition for review is denied.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6