13-2877
Yunga v. Lynch

BIA
A095 376 403

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of August, two thousand fifteen.

PRESENT:
      ROBERT A. KATZMANN,
         *Chief Judge,*
      RICHARD C. WESLEY,
      CHRISTOPHER F. DRONEY,
         *Circuit Judges.*

_____

BOLIVAR PATRICIO YUNGA,
      *Petitioner,*

      v.               13-2877
                         NAC

LORETTA E. LYNCH, UNITED STATES ATTORNEY GENERAL,
      *Respondent.*[1]

_____

FOR PETITIONER:      Matthew L. Guadagno, New York, NY.

---

[1]Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr.

**FOR RESPONDENT:** Stuart F. Delery, Assistant Attorney General; Leslie McKay, Assistant Director; Margot L. Carter, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Bolivar Patricio Yunga, a native and citizen of Ecuador, seeks review of a July 2, 2013, decision of the BIA denying reopening. *In re Bolivar Patricio Yunga*, No. A095 376 403 (B.I.A. Jul. 2, 2013). We assume the parties' familiarity with the underlying facts and issues presented for review and the procedural history of this case.

We review the BIA's denial of reopening for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006)(per curiam). Reopening requires a showing of the facts to be proven at a hearing and the submission of new, previously unavailable, material evidence. 8 U.S.C. § 1229a(c)(7)(B); 8 C.F.R. § 1003.2(c)(1). Moreover, to obtain reopening based on ineffective assistance of counsel, an alien must show a violation of due process. A claim raised by an alien in immigration proceedings is governed by

the Fifth Amendment because the proceedings are civil. *Debeatham v. Holder*, 602 F.3d 481, 485 (2d Cir. 2010) (distinguishing Fifth Amendment and Sixth Amendment ineffective assistance of counsel claims).  Yunga's reliance on Sixth Amendment case law is, therefore, unavailing.

"[T]o prevail on a claim of ineffective assistance of counsel, [the petitioner] must show that his counsel's performance was so ineffective as to have impinged upon the fundamental fairness of the hearing in violation of the fifth amendment due process clause."  *Rabiu v. INS*, 41 F.3d 879, 882 (2d Cir. 1994) (internal quotation marks omitted). "[T]o show a deprivation of fundamental fairness, [an alien] must allege facts sufficient to show 1) that competent counsel would have acted otherwise, and 2) that he was prejudiced by his counsel's performance."  *Romero v. INS*, 399 F.3d 109, 112 (2d Cir. 2005) (internal quotation marks and citation omitted).

Yunga faults his counsel at his merits hearing for failing to question him on a number of issues, ranging from his family members and alcoholism, to his payment of taxes and reasons for frequenting prostitutes.  A review of the merits hearing reveals that Yunga testified about his

3

extended family in the United States, his wife and daughter in Ecuador, his payment of taxes, his alcoholism, and his criminal record.  As Yunga does not identify how he would have responded if he had been asked different questions, and he has not shown that he was prejudiced by counsel's performance.  Furthermore, while Yunga argues that his counsel should have focused on his rehabilitation from alcoholism, the record shows that counsel, on direct and re-direct examination, drew out favorable testimony that Yunga has been sober since 2005 and had advised others of the dangers of alcoholism.  As the IJ's decision considered these facts, Yunga's "new evidence" (a 2013 toxicology report and a 2013 doctor's report that established his sobriety) would not alter the result in the case.  The thrust of the IJ's finding that Yunga did not show he had rehabilitated himself was premised on Yunga's lengthy criminal history, including his conviction while in immigration proceedings.

Yunga also cites his counsel's failure to call character witnesses.  The record, however, contains eight favorable affidavits or letters.  Yunga emphasizes that the IJ commented that two submitted statements would be "given

4

diminished consideration if [the individuals were] not presented as witnesses." However, the agency did not cite the lack of witnesses as a reason for denying adjustment. Again, Yunga has not shown prejudice. Because Yunga did not present evidence that would alter the result in his case, he has not demonstrated the prejudice required to reopen based on his hearing counsel's alleged ineffectiveness.

As to his appellate counsel, Yunga argues that she failed to comply with the procedural requirements set forth in *In re Lozada*, 19 I&N Dec. 637 (BIA 1998). Additionally, Yunga alleges she should have presented "a counter-report from a psychologist . . . to explain that [he] did not need to attend AA meetings." While it is true that Yunga's appellate counsel did not comply with the *Lozada* requirements, Yunga has failed to show that his hearing counsel was ineffective (as discussed above). Therefore, he cannot show prejudice. In addition, even if his appellate counsel had submitted a psychologist report to the BIA on direct appeal, the BIA is prohibited from considering new evidence in the first instance. 8 C.F.R. § 1003.1(d)(3)(iv). Thus, counsel was not ineffective for failing to submit evidence that the BIA could not consider.

Altogether, Yunga has not demonstrated that the BIA abused its discretion by denying reopening because he has not established the prejudice required to establish ineffective assistance of counsel. For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk