Lemus v. Barr

BIA
Wiesel, IJ
A208 542 815/816/817

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of August, two thousand nineteen.

PRESENT:
> JOHN M. WALKER, JR.,
> PETER W. HALL,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

MILVIA MARINA LEMUS, CHRISTHIAN ESTUARDO RAGUEX-LEMUS, MARELYN NATHALIA RAGUEX-LEMUS,
> *Petitioners,*

v.

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

17-735 (L),
18-12 (Con)
NAC

FOR PETITIONERS:     Theodore N. Cox, New York, NY.

FOR RESPONDENT:     Joseph H. Hunt, Assistant Attorney General; Derek C. Julius, Assistant Director; Margaret Kuehne Taylor, Senior Litigation

Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of these petitions for review of Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED that the petitions for review are DENIED.

Petitioners Milvia Marina Lemus ("Lemus"), Christhian Estuardo Raguex-Lemus, and Marelyn Nathalia Raguex-Lemus, natives and citizens of Guatemala, seek review of both a February 23, 2017 decision of the BIA reversing an August 10, 2016 decision of an Immigration Judge ("IJ") granting relief under the Convention Against Torture ("CAT"), *In re Milvia Marina Lemus et al.,* Nos. A208 542 815/816/817 (B.I.A. Feb. 23, 2017), *reversing* Nos. A208 542 815/816/817 (Immig. Ct. N.Y. City Aug. 10, 2016), and a December 7, 2017 decision of the BIA denying a motion to reopen based on ineffective assistance of counsel, *In re Milvia Marina Lemus et al.,* Nos. A208 542 815/816/817 (B.I.A. Dec. 7, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

2

Denial of CAT Relief

As to the lead petition, we have reviewed the BIA's decision denying CAT relief. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review factual findings for substantial evidence and legal issues de novo. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2nd Cir. 2009).

An applicant for CAT relief must show that "it is more likely than not that . . . she would be tortured." 8 C.F.R. § 1208.16(c)(2); *see also Khouzam v. Ashcroft*, 361 F.3d 161, 168 (2d Cir. 2004). To constitute torture under the CAT, the harm must be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). "Acquiescence of a public official requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity." *Id*. § 1208.18(a)(7); *Khouzam*, 361 F.3d at 171 (acquiescence occurs where "government officials know of or remain willfully blind to an act and thereafter breach

their legal responsibility to prevent it."). The agency considers "all evidence relevant to the possibility of future torture . . . , including, but not limited to . . . [e]vidence of past torture," the possibility of relocation within the country, "[e]vidence of gross, flagrant or mass violations of human rights . . . and . . . relevant information regarding conditions in the country of removal." 8 C.F.R. § 1208.16(c)(3).

The BIA did not err in concluding that Lemus failed to show that Guatemalan authorities are likely to acquiesce to her torture by gang members. *See* 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). As noted above, "acquiescence" requires that government officials either have knowledge of or remain willfully blind to a torturous act and subsequently breach their duty to act. *Khouzam*, 361 F.3d at 170-71; *see also* 8 C.F.R. § 1208.18(a)(7). Neither actual knowledge nor willful blindness was established here. Lemus testified that she was threatened on three occasions by Mara 18 gang members, but she conceded that she reported only the third incident to police. Even then, she did not alert the police to the prior incidents, and she does not claim to have identified the

alleged perpetrators or reported that they were Mara 18 gang members. Without that information, that the police told Lemus that there was nothing they could do fails to establish acquiescence. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014) ("Evidence that the police were aware of a particular crime, but failed to bring the perpetrators to justice, is not in itself sufficient to establish acquiescence in the crime.").

Lemus argues that the Guatemalan police were aware of the fire that destroyed her home, which supports her claim of acquiescence. But Lemus admitted she was uncooperative with police when they tried to investigate the fire, and she failed to tell them about her suspicion of gang involvement. Given these admissions, Lemus did not demonstrate that the Guatemalan police knew of or were willfully blind to threats from Mara 18. *Cf. Khouzam*, 361 F.3d at 171.

Denial of Reopening

We review the BIA's denial of reopening for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). A "motion to reopen shall state the new facts that will be proven at a hearing to be held if the motion is

granted, and shall be supported by affidavits or other evidentiary material." 8 U.S.C. § 1229a(c)(7)(B). To obtain reopening based on ineffective assistance of counsel, a movant must comply with certain procedural requirements, and must show both that counsel's actions were unreasonable and that those actions caused prejudice. *See Debeatham v. Holder*, 602 F.3d 481, 484–85 (2d Cir. 2010); *Rashid v. Mukasey*, 533 F.3d 127, 131 (2d Cir. 2008).

Lemus asserts that her former counsel's ineffective representation resulted in the IJ's denial of her asylum and withholding of removal claims. She argues that if counsel had defined her proposed social groups, submitted country conditions evidence, and presented witness testimony, she could have prevailed on those claims. For the reasons explained below, Lemus's failure to show prejudice is dispositive. *See Debeatham*, 602 F.3d at 485–86.

In her motion to reopen, Lemus proposed three distinct social groups: (1) vulnerable mothers who had been raped; (2) her family; and (3) female business owners with a family who have refused to comply with extortion demands. But even if Lemus's former counsel had identified those social groups,

Lemus's testimony—which the IJ found credible—did not establish that she was targeted based on her membership in any of them. Rather, as the IJ found, her testimony showed that she was targeted for extortion and thus was a crime victim, not someone who was persecuted on account of a protected ground. *See Melgar de Torres v. Reno*, 191 F.3d 307, 314 (2d Cir. 1999) (explaining that "general crime conditions" do not lend support to an asylum claim because they are not an "enumerated ground."); *see also Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007) ("When the harm visited upon members of a group is attributable to the incentives presented to ordinary criminals rather than to persecution, the scales are tipped away from considering those people a 'particular social group' within the meaning of the INA."). Lemus's arguments that the associate who represented her at the hearing was "unprepared" and that former counsel failed to appeal the IJ's denial of asylum and withholding of removal also fail because her testimony did not support a claim that she was targeted on account of the proposed groups or that the groups were cognizable.

Because Lemus's failure to demonstrate prejudice is

7

dispositive as to her motion to reopen, we do not reach her remaining arguments. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petitions for review are DENIED. As we have completed our review, any stays of removal that the Court previously granted in these petitions are VACATED, and any pending motion for stays of removal in these petitions is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

8