Chen v. Barr

BIA
A206 225 040

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of September, two thousand twenty.

PRESENT:
> JON O. NEWMAN,[*]
> SUSAN L. CARNEY,
> JOSEPH F. BIANCO,
>    *Circuit Judges.*

_____

SAI MIN CHEN,
>    *Petitioner,*

v.                                                  No. 18-1656
                                                    NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
>    *Respondent.*

_____

FOR PETITIONER:                 Cora J. Chang, Esq., Flushing, NY.

[*] Circuit Judge Peter W. Hall, originally a member of the panel, is currently unavailable. Circuit Judge Jon O. Newman has replaced Judge Hall on the panel for this matter. *See* 2d Cir. IOP E(b).

**FOR RESPONDENT:**          Joseph H. Hunt, Assistant Attorney General; Leslie McKay, Senior Litigation Counsel; Lisa M. Damiano, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Sai Min Chen, a native and citizen of the People's Republic of China, seeks review of a May 9, 2018 decision of the BIA denying her motion to reopen her removal proceedings. *In re Sai Min Chen,* No. A 206-225-040 (B.I.A. May 9, 2018). We assume the parties' familiarity with the underlying facts and procedural history in this case.

"We review the denial of motions to reopen immigration proceedings for abuse of discretion, mindful that motions to reopen are disfavored." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (internal quotation marks omitted). "An abuse of discretion may be found in those circumstances where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of

2

any reasoning, or contains only summary or conclusory statements; that is to say, where the [BIA] has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) (citation omitted). To obtain reopening, a movant must present new, previously unavailable evidence that establishes her *prima facie* eligibility for the relief sought. *See* 8 C.F.R. § 1003.2(c)(1); *INS v. Abudu*, 485 U.S. 94, 104 (1988).

The BIA did not abuse its discretion in denying reopening because Chen failed to demonstrate current *prima facie* eligibility for a provisional unlawful presence waiver, and thus, *prima facie* eligibility for administrative closure to allow her to obtain such a provisional waiver. *See Matter of Avetisyan*, 25 I. & N. Dec. 688, 696 (B.I.A. 2012) (explaining that administrative closure requires agency to evaluate totality of circumstances, including, among other factors, the likelihood of success, the length of delay, and the speculative nature of the relief).[1] *See generally* 8 C.F.R.

---

[1] Because the BIA's decision denying reopening predates *Matter of Castro-Tum*, 27 I. & N. Dec. 271 (A.G. 2018), which held that neither immigration judges nor the BIA have general authority to administratively close proceedings, we have reviewed the decision on the grounds relied on by the BIA and

§ 212.7(e) (providing that U.S. Citizenship and Immigration Services ("USCIS") may grant a "provisional unlawful presence waiver" permitting certain aliens who are unlawfully present in the United States and are in the process of obtaining a visa to apply for a waiver of admissibility without leaving the United States).

First, an alien is ineligible for a provisional unlawful presence waiver if she does not currently have a case pending with the Department of State based on either an approved immigrant visa petition or her selection to participate in the diversity visa program. *See* 8 C.F.R. § 212.7(e)(4)(ii). Chen argues that she is eligible to become the beneficiary of an approved visa petition, *i.e.*, that she has a *pending* petition, not an *approved* petition. Because her petition is not yet approved, she is not yet eligible to apply for a provisional waiver. *See id.*

Second, an alien who "is subject to an administratively final order of removal" is ineligible for a provisional unlawful presence waiver unless she "has already filed and

do not address whether administrative closure remains available.

USCIS has already granted, before the alien applies for a provisional unlawful presence waiver . . . , an application for consent to reapply for admission under section 212(a)(9)(A)(iii) of the [Immigration and Nationality] Act and 8 C.F.R. 212.2(j)." 8 C.F.R. § 212.7(e)(4)(iv). It is undisputed that Chen is subject to an administratively final order of removal, and she does not challenge the BIA's conclusion that she did not show that she has received consent to reapply for admission from USCIS. Instead, Chen raises arguments concerning the criteria for obtaining a waiver of inadmissibility based on "extreme hardship" to her relatives in the United States—*i.e.*, the relief she could apply for from the United States *if* her provisional unlawful presence waiver were first granted. *See* 8 C.F.R. § 212.7(e)(3)–(4) (setting forth criteria for eligibility for a provisional unlawful presence waiver, which does not include an "extreme hardship" element).

Even if Chen could establish *prima facie* eligibility for relief, however, reopening would not be warranted because she could have raised these issues at her hearing. *See* 8 C.F.R. § 1003.2(c)(1). Chen's assertion that the IJ failed to

5

inform her of the possibility of pursuing adjustment of status based on her marriage to a U.S. citizen and a provisional waiver is unfounded because the record shows that the IJ discussed these issues with Chen's counsel.

Further, to the extent Chen asserts ineffective assistance of counsel as the basis for her motion, she failed to comply with any of the procedural requirements for such a motion as are set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (B.I.A. 1988). Under *Lozada*, a movant must submit:

> (1) an affidavit setting forth in detail the agreement with former counsel concerning what action would be taken and what counsel did or did not represent in this regard; (2) proof that the alien notified former counsel of the allegations of ineffective assistance and allowed counsel an opportunity to respond; and (3) if a violation of ethical or legal responsibilities is claimed, a statement as to whether the alien filed a complaint with any disciplinary authority regarding counsel's conduct and, if a complaint was not filed, an explanation for not doing so.

*Debeatham v. Holder*, 602 F.3d 481, 484–85 (2d Cir. 2010) internal quotation marks omitted); *see also Matter of Lozada*, 19 I. & N. Dec. at 639. Although we have found substantial compliance with these requirements where the facts supporting the ineffective assistance claim are "clear on the face of the record," *Yi Long Yang v. Gonzales*, 478 F.3d 133, 143 (2d

6

Cir. 2007), that is not the case here.  The record instead reflects that counsel was aware of the possibility that Chen's husband could file a visa petition and Chen could apply for a provisional unlawful presence waiver, and there is no indication on the record before us that counsel failed to inform Chen of these options.

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7