Hui v. Garland

BIA
A098 470 005

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of March, two thousand twenty-one.

PRESENT:
PIERRE N. LEVAL,
RICHARD J. SULLIVAN,
STEVEN J. MENASHI,
*Circuit Judges.*

_____

HONGLIAN HUI,
        *Petitioner*,

        v.                                          18-3784
                                                    NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
        *Respondent.**

_____

FOR PETITIONER:          Jim Li, Esq., Shanshan Zheng,
                         Esq., Flushing, NY.

FOR RESPONDENT:          Kohsei Ugumori, Senior Litigation
                         Counsel; Jesse D. Lorenz, Trial

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Merrick B. Garland is automatically substituted as Respondent.

Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Honglian Hui, a native and citizen of the People's Republic of China, seeks review of a November 26, 2018 decision of the BIA denying her motion to reopen her administrative proceedings. *In re Honglian Hui,* No. A 098 470 005 (B.I.A. Nov. 26, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Debeatham v. Holder*, 602 F.3d 481, 484 (2d Cir. 2010). An alien may file one motion to reopen no later than 90 days after the final administrative decision. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). Hui's 2018 motion to reopen was untimely, as it was filed almost four years after the BIA's 2014 decision. Further, her 2018 motion was number barred because she filed a previous motion to reopen in 2017. Although the doctrine of equitable

2

tolling may provide an exception to these limitations where an alien advances an argument of ineffective assistance of counsel, we find no error in the BIA's conclusion that equitable tolling was not warranted here. To obtain such tolling, a movant must show both ineffective assistance of counsel and due diligence in raising that claim. *See Rashid v. Mukasey*, 533 F.3d 127, 130–32 (2d Cir. 2008).

The BIA reasonably concluded that Hui failed to demonstrate due diligence "during the entire period . . . she seeks to toll," which "includes both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen is filed." *Id.* at 132. According to her 2018 motion, Hui discovered the ineffective assistance of counsel in January 2016 but did not hire present counsel until "early 2017" and did not file her first motion to reopen until October 2017. Although she indicated that she called her original counsel once and consulted another attorney, she did not assert that she ever followed up and offers no explanation for her extensive delay. Accordingly, the BIA reasonably concluded that she did not demonstrate due diligence in the

3

21 months that elapsed between her discovery of the ineffective assistance and her filing of her first motion to reopen. *Jian Hua Wang v. BIA*, 508 F.3d 710, 715-16 (2d Cir. 2007) (upholding denial of reopening where petitioner waited eight months to file motion); *Cekic v. INS*, 435 F.3d 167, 171-72 (2d Cir. 2006) (no diligence where petitioners waited two years after discovering ineffective assistance and submitted no evidence of actions taken); *Rashid*, 533 F.3d at 132-33 (no diligence where petitioner learned of BIA's adverse decision, made one phone call to counsel and then waited 14 months to seek new counsel); *Iavorski v. U.S. INS*, 232 F.3d 124, 134-35 (2d Cir. 2000) (no diligence where petitioner waited two years to file motion).

As Hui's lack of due diligence is dispositive of equitable tolling, we do not reach the BIA's additional finding that she failed to show the prejudice needed to state an ineffective assistance claim. *See Rashid*, 533 F.3d at 131 ("[N]o matter how egregiously ineffective counsel's assistance may have been, an alien will not be entitled to equitable tolling unless he can affirmatively demonstrate that he exercised reasonable due diligence in pursuing his

4

claim." (internal quotation omitted)); *see also INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

Finally, although the BIA has the authority to reopen sua sponte despite the time and number limitations, *see* 8 C.F.R. § 1003.2(a), we lack jurisdiction to review that "entirely discretionary" decision. *Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court