21-6472
Singh v. Garland

BIA
A201 105 722

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of May, two thousand twenty-three.

PRESENT:
GUIDO CALABRESI,
RAYMOND J. LOHIER, JR.,
WILLIAM J. NARDINI,
*Circuit Judges.*

_____

CHARNJIT SINGH,
*Petitioner*,

v.                                                                          **21-6472**
                                                                              **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:          Jaspreet Singh, Esq., Law Office of Jaspreet Singh, Richmond Hill, NY.

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General; Carl McIntyre, Assistant Director; Nancy E. Friedman, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Charnjit Singh, a native and citizen of India, seeks review of an August 16, 2021, decision of the BIA denying his motion to reopen. *In re Charnjit Singh,* No. A 201 105 722 (B.I.A. Aug. 16, 2021). We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's denial of a motion to reopen for abuse of discretion, but review adverse credibility determinations and findings regarding country conditions evidence for substantial evidence, and ineffective assistance of counsel claims de novo. *See Esposito v. INS*, 987 F.2d 108, 111 (2d Cir. 1993) ("A reviewing court uses its own judgment as to whether counsel was effective . . . ."); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (adverse credibility determination); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008) (motions to reopen and country conditions).

It is undisputed that the July 2019 motion was untimely filed more than 90 days after the final order of removal in June 2018. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (providing 90-day deadline for motions to reopen); 8 C.F.R. § 1003.2(c)(2) (same). We find no error in the BIA's conclusion that Singh did not satisfy an exception to the deadline. The deadline does not apply if the noncitizen moves to reopen to apply for asylum based on "changed country conditions arising in the country of nationality" if those conditions are material to the alien's asylum claim. 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). And the time to file may be equitably tolled based on ineffective assistance of counsel. *See Rashid v. Mukasey*, 533 F.3d 127, 130–31 (2d Cir. 2008).

Singh did not satisfy either exception because his motion to reopen was based on the same alleged political activities and past persecution as his original claim, and he did not produce evidence to overcome the underlying adverse credibility determination. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146 (2d Cir. 2007) (upholding BIA's decision not to credit new documentary evidence given underlying adverse credibility determination); *Kaur v. BIA*, 413 F.3d 232, 233–34 (2d Cir. 2005) (finding no abuse of discretion in BIA's conclusion that evidence filed with a motion was not material where it did not rebut underlying

3

adverse credibility determination); *Matter of F–S–N–*, 28 I. & N. Dec. 1, 3 (B.I.A. 2020) ("[T]o prevail on a motion to reopen alleging changed country conditions where the persecution claim was previously denied based on an adverse credibility finding in the underlying proceedings, the respondent must either overcome the prior determination or show that the new claim is independent of the evidence that was found to be not credible."). Singh does not dispute the BIA's finding that he made no new allegations independent of his original claim that he would be persecuted because of his membership in the Shiromani Akali Dal Mann ("Mann") Party. Moreover, the BIA addressed Singh's challenges to the underlying adverse credibility determination and reasonably found no clear error in that determination.

As the BIA concluded, the inconsistency findings are supported by the record. Singh testified that the Congress Party kidnapped him in 2009, but did not physically harm him during that incident; but his written declaration alleged that he was beaten many times. The immigration judge ("IJ") was not compelled to accept Singh's explanation that he "remembered later" that he was injured, especially because he had to be prompted multiple times for an explanation and was initially unresponsive. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005)

4

("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)). A hospital record corroborating a May 2009 injury added inconsistency given Singh's testimony that he was not physically harmed.

The BIA also reasonably concluded that Singh's omission of four incidents of persecution during an interview and one incident from his written declaration further undermined his credibility. While omissions, particularly trivial ones, are less probative of credibility than inconsistencies, the BIA did not err in relying on these omissions because they were central to Singh's claim of past persecution. *See Hong Fei Gao*, 891 F.3d at 78 ("[T]he probative value of a witness's prior silence on particular facts depends on whether those facts are ones the witness would reasonably have been expected to disclose."). The inconsistencies and omissions together provided substantial evidence for the adverse credibility determination. *See Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."). Accordingly, given the adverse credibility determination, Singh did

not establish that the BIA should credit his new allegation that political opponents and the police were still looking for him in India, and his allegation of worsening conditions for Mann Party members was not material. *See Kaur*, 413 F.3d at 234 (upholding agency's determination "that the evidence submitted by petitioner in support of her motion was not 'material' because it did not rebut the adverse credibility finding that provided the basis for the IJ's denial of petitioner's underlying asylum application").

Singh's failure to rebut the adverse credibility determination is also dispositive of his claim for equitable tolling based on ineffective assistance of counsel. The doctrine of equitable tolling provides an exception to the deadline if a movant demonstrates ineffective assistance of counsel. *See Rashid*, 533 F.3d at 130–31. To establish ineffective assistance, Singh had to establish prejudice, i.e., that the outcome would have been different had his former attorney timely filed a brief on appeal. *See Debeatham v. Holder*, 602 F.3d 481, 486 (2d Cir. 2010) (concluding that applicant failed to state ineffective assistance claim because he failed to show "that the outcome of his removal proceedings would have been any different"). Because, as discussed above, the BIA considered Singh's challenges to the adverse credibility determination and the record supports that

6

determination, Singh has not established that the BIA would have found otherwise had it considered these same arguments on appeal from the IJ's decision.

Given that Singh did not establish an exception to the 90-day deadline based on either changed conditions in India or equitable tolling, the BIA did not abuse its discretion by denying his motion to reopen as untimely. *See* 8 U.S.C. § 1229a(c)(7)(C); *Rashid*, 533 F.3d at 130–31.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court
