Lukaj v. McHenry

BIA
Brennan, IJ
A206 494 848

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of January, two thousand twenty-five.

PRESENT:
>     RICHARD C. WESLEY,
>     RICHARD J. SULLIVAN,
>     EUNICE C. LEE,
>         *Circuit Judges.*

_____

LIZE LUKAJ,
>     *Petitioner*,

>     v.                                                    **22-6435**
>                                                           **NAC**

JAMES R. MᴄHENRY III, ACTING UNITED
STATES ATTORNEY GENERAL,
>     *Respondent*.

_____

**FOR PETITIONER:**                    Adrian Spirollari, Brooklyn, NY.

**FOR RESPONDENT:**             Brian Boynton, Principal Deputy Assistant Attorney General; Greg D. Mack, Senior Litigation Counsel; Shahrzad Baghai, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Lize Lukaj, a native and citizen of Albania, seeks review of an August 12, 2022 decision of the BIA that affirmed a June 3, 2019 decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lize Lukaj*, No. A206 494 848 (B.I.A. Aug. 12, 2022), *aff'g* No. A206 494 848 (Immigr. Ct. N.Y.C. June 3, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

## I.    Asylum, Withholding of Removal, and CAT Relief

Lukaj does not challenge the specific inconsistency or corroboration findings that formed the basis for the IJ's adverse credibility determination. "We consider abandoned any claims not adequately presented in an appellant's brief,

and an appellant's failure to make legal or factual arguments constitutes abandonment." *Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) (quotation marks omitted); *see also Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (declining to consider a claim of persecution that petitioner raised in only a conclusory manner). We thus deny the petition as to asylum, withholding of removal, and CAT relief because the adverse credibility determination was dispositive. *See Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) ("Where the same factual predicate underlies a petitioner's claims for asylum, withholding of removal, and protection under the CAT, an adverse credibility determination forecloses all three forms of relief.").

## II.     Ineffective Assistance of Counsel

The agency did not err in denying Lukaj's request to reopen proceedings based on ineffective assistance of counsel because she failed to comply with the procedural requirements for such a claim announced in *Matter of Lozada*, 19 I. & N. Dec. 637 (B.I.A. 1988). Under *Lozada*, a petitioner is required to file an affidavit detailing her agreement with former counsel, submit proof that she notified former counsel and gave former counsel an opportunity to respond, and provide a statement as to whether she filed a complaint with any disciplinary authority of

3

her allegations and, if she did not file such complaint, an explanation for not doing so. *See Debeatham v. Holder*, 602 F.3d 481, 484–86 (2d Cir. 2010). Failure to substantially comply with the *Lozada* requirements constitutes forfeiture of an ineffective assistance claim. *See Jian Yun Zheng v. U.S. Dep't of Just.*, 409 F.3d 43, 46–47 (2d Cir. 2005).

Lukaj argued before the BIA that her prior counsel did not properly prepare her case. But Lukaj failed to provide an affidavit detailing her agreement with her former counsel, show that she informed her prior counsel of her allegations, or explain why she did not file a complaint against her former counsel. Although we require only "substantial compliance" with *Lozada*, Lukaj did not comply at all. *Yi Long Yang v. Gonzales*, 478 F.3d 133, 142–43 (2d Cir. 2007). And Lukaj has not demonstrated that her noncompliance should be excused (*i.e.*, she does not explain how she was unprepared for her hearing or present evidence of the alleged neurological problems that she claims counsel should have submitted). The alleged ineffectiveness is not clear from the record because it is unknown whether the missing evidence exists or could have been obtained. *See id.* at 143 ("*Lozada* requirements . . . provide a basis for determining whether counsel's assistance was in fact ineffective." (quotation marks omitted)). Accordingly, Lukaj has forfeited

her ineffective assistance of counsel claim because she did not comply with the *Lozada* requirements or show that ineffective assistance was "clear on the face of the record." *Id.*; *see also Jian Yun Zheng*, 409 F.3d at 47.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5