Rangel-Gonzales v. Bondi

BIA
Segal, IJ
A205 578 712

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of March, two thousand twenty-five.

PRESENT:
　　　　MICHAEL H. PARK,
　　　　WILLIAM J. NARDINI,
　　　　MARIA ARAÚJO KAHN,
　　　　　　*Circuit Judges.*
_____

ERDMENGER RANGEL-GONZALES,
　　　　*Petitioner,*

　　　　v.　　　　　　　　　　　　　　　　**23-6874**
　　　　　　　　　　　　　　　　　　　　**NAC**

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
　　　　*Respondent.*

_____

FOR PETITIONER:　　　　Melinda M. Basaran, Esq., B.K. Law Firm,
　　　　　　　　　　　　LLC, Clifton, NJ.

**FOR RESPONDENT:**        Brian M. Boynton, Principal Deputy Assistant Attorney General; Anthony C. Payne, Assistant Director; Joseph D. Hardy, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Erdmenger Rangel-Gonzales, a native and citizen of Guatemala, seeks review of a July 5, 2023, decision of the BIA affirming an October 21, 2019, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Erdmenger Rangel-Gonzales,* No. A 205 578 712 (B.I.A. July 5, 2023), *aff'g* No. A 205 578 712 (Immig. Ct. N.Y. City Oct. 21, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have considered both the IJ's and the BIA's opinions. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review factual findings for substantial evidence and questions of law de novo. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). "[T]he administrative findings of fact are

2

conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

## I. Due Process

"To establish a violation of due process, an alien must show that she was denied a full and fair opportunity to present her claims or that the IJ or BIA otherwise deprived her of fundamental fairness." *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) (quotation marks omitted). "Parties claiming denial of due process in immigration cases must, in order to prevail, allege some cognizable prejudice fairly attributable to the challenged process." *Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008) (quotation marks omitted). To show prejudice, a claimant must demonstrate "that the outcome of his removal proceedings would have been . . . different" but for the alleged violation. *Debeatham v. Holder*, 602 F.3d 481, 486 (2d Cir. 2010).

Rangel-Gonzales has not established a due process violation. At the beginning of the 2019 hearing, counsel for the Department of Homeland Security offered to stipulate to Rangel-Gonzales's application as his testimony, and the parties agreed that "his statement would be his direct testimony . . . and then counsel would just ask any additional questions necessary to flush it out or raise

3

any nexus concerns or address them prior to cross." Certified Administrative Record ("CAR") at 102 (Tr.). The IJ instructed Rangel-Gonzales's counsel to ask any questions apart from what was written in the asylum application and affidavit, but counsel confirmed both before and after cross-examination that there were no further questions. *Id.* at 102–10. Thus, Rangel-Gonzales was given an opportunity to present his claim, *see Burger*, 498 F.3d at 134, and it was his counsel, not the IJ, who declined to draw out further information regarding a nexus to a protected ground. Given the opportunities the IJ provided for Rangel-Gonzales to testify, the IJ did not fail to develop the record. *See Islam v. Gonzales*, 469 F.3d 53, 55–56 (2d Cir. 2006) (explaining that an IJ "has an obligation to establish and develop the record" but also "has a responsibility to function as a neutral, impartial arbiter and must be careful to refrain from assuming the role of advocate for either party"). Moreover, Rangel-Gonzales has not shown the prejudice required to state a due process claim because he has not identified what further testimony he would have provided. *See Debeatham*, 602 F.3d at 486.

## II. Asylum, Withholding of Removal, and CAT Relief

An applicant for asylum and withholding of removal must establish past persecution or at least a well-founded fear of future persecution and that "race,

4

religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(A), (B)(i); *see also id.* § 1231(b)(3)(A); 8 C.F.R. §§ 1208.13(b), 1208.16(b). When an applicant asserts a social group as the protected ground, an applicant must establish both that a proposed particular social group is cognizable and that membership in the group was or will be one central reason for the harm. *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014).

As the Government argues, Rangel-Gonzales has abandoned a dispositive basis for the agency's denial of asylum and withholding of removal based on his proposed social group. He argued that his girlfriend's father attacked him because of his membership in a group of "young Guatemalans without a protective male figure." The agency found both that the group was not cognizable, and that even if cognizable, Rangel-Gonzales failed to establish that his girlfriend's father targeted him because of his membership in the group. Rangel-Gonzales challenges only the cognizability finding here, and thus has abandoned review of the nexus finding, which independently defeats any challenge on this basis to the denial of his claim for asylum and withholding of removal. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider

5

abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (quotation marks omitted)); *Paloka*, 762 F.3d at 195 (observing that the burden is on the applicant to establish both a cognizable group and a nexus).

Rangel-Gonzales's political opinion claim also fails. He bases this claim on his rejection of gang membership, and asserts that gangs will try to recruit or extort him. *See* Petitioner's Br. at 26–27. "In order to establish persecution on account of a political opinion . . . an asylum applicant must show that the persecution arises from his or her own political opinion," either actual or imputed. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005) (quotation marks and citation omitted); *Zelaya-Moreno v. Wilkinson*, 989 F.3d 190, 196 (2d Cir. 2021) (noting that a political belief can be "imputed to [the applicant] by the persecutor"). "The applicant must also show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from the applicant's political belief." *Yueqing Zhang*, 426 F.3d at 545. The record does not demonstrate that gang members threatened or harmed Rangel-Gonzales or would do so because of his actual or imputed political opinion. While he states that he previously refused to join a gang, he does not identify anything he said or did that indicated that he held a political

6

opinion or anything gang members said that would indicate one was imputed to him.

Rangel-Gonzales's argument that the agency failed to consider that he was a child at the time he was harmed in Guatemala is irrelevant. "[A]ge can be a critical factor in the adjudication of asylum claims and may bear heavily on the question of whether an applicant was persecuted or whether she holds a well-founded fear of future persecution." *Jorge-Tzoc v. Gonzales*, 435 F.3d 146, 150 (2d Cir. 2006) (quotation marks omitted). But the IJ did not deny relief based on the severity of Rangel-Gonzales's past harm, and the nexus determinations are dispositive regardless of the severity of the harm.

Rangel-Gonzales has not challenged the agency's denial of CAT relief. *See Debique*, 58 F.4th at 684.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7