Pina-Pina v. Bondi

BIA
Drucker, IJ
A220 162 485/484

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of March, two thousand twenty-five.

PRESENT:
> GERARD E. LYNCH,
> JOSEPH F. BIANCO,
> ALISON J. NATHAN,
> *Circuit Judges.*

_____

ESTHER JANNETH PINA-PINA,
NICOLE GUADALUPE PEREZ-PINA,
> *Petitioners,*

> v.                                                              **23-7052**
>                                                                 **NAC**

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONERS:               Michael Borja, Esq., Jackson Heights, NY.

**FOR RESPONDENT:**        Brian Boynton, Principal Deputy Assistant Attorney General; Song Park, Assistant Director; Alanna T. Duong, Trial Attorney; Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Esther Janneth Pina-Pina and her daughter Nicole Guadalupe Perez-Pina, natives and citizens of Ecuador, seek review of an August 10, 2023 decision of the BIA affirming a May 2, 2022, decision of an Immigration Judge ("IJ"), which denied asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Esther Janneth Pina-Pina*, Nos. A 220 162 485/484 (B.I.A. Aug. 10, 2023), *aff'g* Nos. A 220 162 485/484 (Immig. Ct. N.Y. City May 2, 2022). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified and supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review factfinding for substantial evidence and questions of law and the application of law to fact de

2

novo. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Pina-Pina has abandoned any challenge to the agency's dispositive finding that she did not adequately corroborate her claims for asylum and withholding of removal because she has not challenged that finding in this Court. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (quotation marks omitted)); *Pinel-Gomez v. Garland*, 52 F.4th 523, 529–30 (2d Cir. 2022) (explaining that the agency may find testimony credible but "still decide that the testimony falls short of satisfying the applicant's burden of proof, either because it is unpersuasive or because it did not include specific facts sufficient to demonstrate that the applicant is a refugee" (quotation marks omitted)). Pina-Pina does not argue that the corroboration finding was legally erroneous, but instead argues that the central reason for her persecution was her Indigenous race, the police did nothing to protect her from the persecution, and the agency misapplied the "one central reason" standard to the withholding of removal determination. Petitioners' Br. at

3

6–12. Because the abandoned corroboration finding is dispositive of asylum and withholding of removal, we do not reach Pina-Pina's other arguments. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

Pina-Pina argues for the first time on appeal that her placement on the expedited docket violated due process because she did not have time to obtain evidence. This claim is unexhausted. *Punin v. Garland*, 108 F.4th 114, 124 (2d Cir. 2024) ("[W]hen an argument made to this Court cannot be closely matched up with a specific argument made to the BIA, it has not been properly exhausted and we cannot hear it."). Even assuming *arguendo* we were to reach the argument, Pina-Pina has not established the prejudice required to succeed on a due process claim. *See Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008) (requiring "some cognizable prejudice fairly attributable to the challenged process" (quotation marks omitted)). Pina-Pina claims she lacked time to obtain evidence, but she had six months to prepare for her hearing—during which time she submitted country conditions evidence—yet she does not explain why she did not procure affidavits from her family in the United States, nor does she identify what information the

4

purportedly missing evidence would have contained.  Thus, there is no indication of how additional time would have changed the outcome of her proceedings.  *Id.*; *see also Debeatham v. Holder*, 602 F.3d 481, 486 (2d Cir. 2010) (finding no prejudice where "petitioner ha[d] not shown that the outcome of [the] removal proceedings would have been any different").

Finally, Pina-Pina has not established error in the agency's denial of her CAT claim.  An applicant for CAT relief bears the burden to establish that she would "more likely than not" be tortured by or with the acquiescence of a government official.  8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1).  To establish acquiescence to torture, the applicant must show that "the public official, prior to the activity constituting torture, [will] have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity."  *Id.* § 1208.18(a)(7).  The agency considers "all evidence relevant to the possibility of future torture," including "[e]vidence of past torture," the applicant's ability to relocate to a part of the country where she is not likely to be tortured, and "gross, flagrant or mass violations of human rights within the country of removal."  *Id.* § 1208.16(c)(3).

Apart from summarizing the legal standards, Pina-Pina devotes a single

paragraph of her brief to challenging the denial of CAT relief and contends that the agency erred in "not actually considering" the claim. Petitioners' Br. at 11. That contention is belied by the record, as the agency separately considered and rejected that claim, explaining "the record does not indicate that Ecuadorian authorities have any specific interest in harming either of the respondents or would acquiesce to any harm they may experience." Certified Administrative Record at 5. She also argues that she was not required to establish acquiescence to torture, only that the Ecuadorian government would be unable or unwilling to protect her, but this misstates the law. "To qualify as *persecution* the conduct at issue must be attributable to the government, whether directly because engaged in by government officials, or indirectly because engaged in by private persons whom the government is unable or unwilling to control." *Scarlett v. Barr*, 957 F.3d 316, 328 (2d Cir. 2020) (emphasis added) (quotation marks omitted). But the regulations define torture "as any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person . . . *by, or at the instigation of, or with the consent or acquiescence of, a public official* acting in an official capacity." 8 C.F.R. § 1028.18(a)(1) (emphasis added). We have acknowledged this difference between the standards. *See Scarlett*, 957 F.3d at 336 (leaving it for the agency on

6

remand to address "how the 'unable' prong of the unwilling-or-unable standard, as applicable to withholding claims, might translate to identifying government acquiescence in torture under the CAT").

Pina-Pina also contends that she provided evidence that the government only exacerbated the harm against her because police failed to adequately respond to her complaints, but she cites no legal authority or record evidence to support this assertion, thus abandoning any fact-based review of her CAT claim. *See Debique*, 58 F.4th at 684 (holding that a brief must contain the appellant's "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies" (quoting Fed. R. App. P. 28(a)(8)(A))).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7